IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 1605-04






RAY MITCHELL WILKERSON, Appellant


 

v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SECOND COURT OF APPEALS


TARRANT COUNTY





 Keller, P.J., filed a concurring opinion.


 

 I agree with the Court that "[t]he term 'agency' denotes a consensual relationship which
exists between two persons where one of them is acting for or on behalf of the other," (1) and I agree
that the CPS worker did not qualify as an agent of law enforcement. However, I disagree with the
Court's formulation of the agency test as "acting in tandem" with law enforcement. Acting "in
tandem with" suggests a broader meaning than "acting for or on behalf of" and might serve to sweep
within the Court's holding situations that are not true examples of agency. To avoid confusion, I
would eschew the "in tandem" language and stick with the traditional definition of agency.

 I also disagree with the Court's suggestion that the defendant's perceptions have anything
to do with the question of agency status. Rather, the defendant's perceptions are relevant to the issue
of custodial interrogation. In support of its suggestion, the Court cites State v. Loyd, a Louisiana
case, for the proposition that Miranda was not violated when the defendant was unaware of the status
of a government informant. (2) But as the Court's quotation shows, Loyd held that the informant's
conduct did not constitute custodial interrogation. (3) In fact, Loyd presciently anticipated what the
Supreme Court would later hold in Illinois v. Perkins: that Miranda does not bar unwarned
statements made to undercover law enforcement agents. (4) The reason for this is that, when the
defendant is unaware of the law enforcement agent's status, he is not subjected to the coercive
pressures that transform a conversation into "custodial interrogation." (5)

 But agency status is a separate matter, as is well illustrated by the Supreme Court decision
in Massiah v. United States. (6) In Massiah, the defendant was unaware that the informant was an
agent of law enforcement, but because the defendant's Sixth Amendment right to counsel had
attached, statements deliberately elicited by that informant were inadmissible. (7) We have recently
addressed the question of agency status in the Sixth Amendment context and explained that an
informant was not a government agent when the informant had no agreement with and was not acting
under instructions from a government official. (8) The factor that distinguishes Perkins from Massiah,
making the defendant's perceptions relevant to whether he suffered a constitutional violation, is that
"custodial interrogation" matters in the Fifth Amendment Miranda context but not in the Sixth
Amendment right to counsel context. Both contexts do require that the statements be elicited by a
law enforcement agent, but with agency status being determined by the alleged agent's actual
relationship with law enforcement, not by the defendant's perceptions. 

 With these comments, I concur in the Court's judgment.

 Keller, Presiding Judge

Date filed: October 5, 2005

Publish



 
1. Court's op. at 12.
2. See State v. Loyd, 425 So.2d 710, 716 (La. 1982).
3. Court's op. at 15 n. 33 (quoting Loyd, supra).
4. Illinois v. Perkins, 496 U.S. 292, 297 (1990).
5. Id.
6. 377 U.S. 201 (1964).
7. Id.; Perkins, 496 U.S. at 299 (distinguishing Massiah).
8. Manns v. State, 122 S.W.3d 171, 183-184 (Tex. Crim. App. 2003)